ORIGINAL

MUHANNAD TOMA[1]
A78-759-862
San Diego Detention Center (CCA)
P.O. Box 439049
San Ysidro, CA 92143-9049

FILED

DEC 19 PM 3:27

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ɤɯlx_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHANNAD TOMA,<br>[A78-759-862],<br><br>            Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF<br>THE DEPARTMENT OF HOMELAND<br>SECURITY, MICHAEL MUKASEY,<br>ATTORNEY GENERAL, ROBIN F. BAKER,<br>DIRECTOR OF SAN DIEGO FIELD OFFICE,<br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, JOHN A. GARZON,<br>OFFICER-IN-CHARGE,<br><br>            Respondents. | Civil Action 07 CV 2381 JAH POR<br><br>PETITION<br>FOR<br>WRIT OF HABEAS CORPUS<br><br>[28 U.S.C. § 2241] |

I.

## INTRODUCTION

The petitioner, Muhannad Toma, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

---

[1] The petitioner is filing this petition for a writ of habeas corpus with the assistance of Janet Tung and the Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel. Robin F. Baker is the director of the San Diego field office of U.S. Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Baker's capacity as the director of the local office of U.S. Immigration and Customs Enforcement, he has immediate control and custody over the petitioner. John A. Garzon is the officer in charge of the detention facility holding the petitioner.

Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States and their employees (hereinafter "respondents"). He is detained at the respondents' detention facility in San Diego, California, under the control of the officer in charge.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl. 2, because the petitioner is being unlawfully detained as a result of U.S. Immigration and Customs Enforcement's misapplication of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, 533 U.S. 678, 686-90 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United States. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 123 (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999), makes clear that the petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because the petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## BACKGROUND

Petitioner, a native of Iraq, entered the custody of Respondents over fifteen months ago, in August 2006, where he has remained since. He was ordered removed from the United States by Respondents on February 13, 2007, over ten months ago. Petitioner cannot be removed to his country of origin or to an alternate country. He is being held in detention by Respondents based upon their misapplication of 8 U.S.C. § 1231(a)(6) to indefinitely detain non-removable aliens.

The petitioner was born in Baghdad, Iraq in 1970. In 2000, he fled Iraq as a refugee and entered the United States upon a grant of asylum. Petitioner was ordered removed to Iraq by an immigration judge on February 13, 2007, after being taken into immigration custody in August 2006. Petitioner waived appeal. Petitioner's order of removal became final as of February 13, 2007. See 8 C.F.R. § 1241.1; see also 8 C.F.R. § 1240.15 (appeals to the BIA must be filed within 30 calendar days of the immigration judge's oral decision). Petitioner was found to be entitled to protection under the Convention Against Torture and was granted deferral of removal under 8 C.F.R. § 208.17. See Appendix A (February 13, 2007, Order of

1 the Immigration Judge), attached hereto.

2 Immigration and Customs Enforcement (ICE) conducted a custody review and issued an order to continue detention on or about June 29, 2007. See Appendix B, attached hereto. The order recommended detention on the grounds of the alleged "serious and violent nature of your last conviction, Felony Assault with Deadly Weapon, and numerous Felony convictions for Vandalism." Id. The order further stated that if Petitioner was not "released or removed from the United States by August 12, 2007, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will made a final determination regarding your custody." Id. To date, Petitioner has received no further communication regarding his custody status, and does not know whether HQPDU has made a determination of his status.

At no time during the <u>ten months</u> since Petitioner was ordered removed has the United States government received travel documents that would permit his repatriation to Iraq. See 8 U.S.C. § 1231(b)(2)(A), (D), (E)(iv)-(vi) (deportable alien must be removed first to country designated by him at deportation hearing, then to country of citizenship, then to listed countries, including the country of birth or that country having sovereignty over it at time of the alien's birth or at time of the deportation.). Because Petitioner has been granted deferral of removal, and there is no indication that deferral has been terminated, Respondents *may not* remove him to Iraq. See 8 C.F.R. § 208.17. Moreover, as the government of Iraq is in extreme political disarray, having suffered a recent war and continuing civil discord, it is extremely unlikely that its government will issue travel documents to permit Petitioner's removal there in the reasonably foreseeable future. Neither have Respondents obtained travel documents that would permit his removal to any other country. Thus, the United States has had ample opportunities to obtain travel documents, yet has failed to do so. There is therefore no indication that the petitioner can removed to Iraq or any other country, in the reasonably foreseeable future.

### IV.

### ARGUMENT

**THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.**

Federal law requires the Attorney General to remove a deportable alien from the United States

3


within a ninety-day period after an immigration judge's order of removal becomes administratively final. See 8 U.S.C. § 1231(a)(1); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002). During the ninety-day removal period, the alien must be detained in custody. See 8 U.S.C. § 1231(a)(2).

If the Attorney General cannot remove the alien within the statutory removal period, the Attorney General can release the person in question under appropriate conditions of supervision, including regular appearances before an immigration officer, travel restrictions, and medical or psychiatric examinations, among other requirements. See Ma, 257 F.3d at 1104; see also 8 U.S.C. § 1231(a)(3) (listing the conditions of supervision for deportable or removable aliens released from immigration custody at the expiration of the ninety-day removal period). The Attorney General may detain a deportable or inadmissible alien beyond the ninety-day removal period, however, when he determines that the person in question would "be a risk to the community or unlikely to comply with the order of removal" if released from immigration custody. 8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678, 689 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) only authorizes a period of detention that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." If a deportable alien has not been released from immigration custody within a six-month period after the issuance of a final order of removal or deportation, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 699; see also Ma, 257 F.3d at 1102 n.5 (declaring that in Zadvydas, "the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of *six months* after a final order of removal–that is, *three months* after the statutory removal period has ended . . . . .") (emphasis in original). When a deportable alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Federal officials **must** release a deportable alien from custody under appropriate conditions of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id.; see also Ma, 257 F.3d at 1100 (concluding that federal law does not permit the Attorney General to hold someone "for more than a reasonable period" beyond the ninety-day statutory removal window, and mandates release of the alien under 8 U.S.C. § 1231(a)(3), when the alien "has already entered the United States and there is no reasonable likelihood that

a foreign government will accept the alien's return in the reasonably foreseeable future ...."). 

The petitioner has been detained in the custody of respondents since **August 2006**, and has spent, in total, over fifteen months in immigration custody. In the ten months' time since the order of removal became final on **February 13, 2007**, the United States government has not received travel documents that would permit the petitioner's repatriation to Iraq. There is no indication that the petitioner can be removed to that country in the reasonably foreseeable future. The ninety day statutory removal period under 8 U.S.C. § 1231 ended on May 14, 2007, over seven months ago.

The Zadvydas court erected a "presumptively reasonable" six-month detention period during which the federal government should attempt to accomplish all reasonably foreseeable removals pursuant to 8 U.S.C. § 1231. Zadvydas, 533 U.S. at 701; see also Ma, 257 F.3d at 1102 n.5. The six-month period expired on **August 13, 2007**. Petitioner's detention beyond the presumptively reasonable detention period announced in Zadvydas violates §1231(a)(6), because it is not significantly likely that the petitioner can be removed to Iraq in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 700; see also Ma, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future ...."). Therefore, the petitioner **must** be released under the conditions set out in §1231(a)(3). See Zadvydas, 533 U.S. at 700-01.

V.

**REQUESTED RELIEF**

The petitioner requests that this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3).

VI.

**VERIFICATION**

I, Muhannad Toma, hereby verify that the facts contained in the instant petition are true and correct.

Respectfully submitted,

Dated: 12-13-07

MUHANNAD TOMA
Petitioner

5

# APPENDIX A

IMMIGRATION COURT
446 ALTA ROAD, STE 5400, COURTROOM 1
SAN DIEGO, CA 92158

In the Matter of

TOMA, MUHANNAD MIKHA
Respondent

Case A78-759-862

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Feb 13, 2007. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[✓] The respondent was ordered removed from the United States to IRAQ
[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to alternative to
[ ] Respondent's application for voluntary departure was granted until upon posting a bond in the amount of $_____ with an alternate order of removal to
[ ] Respondent's application for asylum was ( ) granted ( ) denied ( ) withdrawn.
[ ] Respondent's application for withholding of removal was ( ) granted ( ) denied ( ) withdrawn.
[ ] Respondent's application for cancellation of removal under section 240A(a) was ( ) granted ( ) denied ( ) withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted under section 240A(b)(1) ( ) granted under section 240A(b)(2) ( ) denied ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn or ( ) other.
[ ] Respondent's application for adjustment of status under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $_____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper notice.
[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[✓] Other: Granted deferral of Removal to Iraq under 8 CFR 208.17 Torture Convention

Date: Feb 13, 2007
Appeal: WAIVED    Appeal Due By:

ZSA ZSA DEPAOLO
Immigration Judge

Reserved for DHS. March 15, 2007

GSO

# APPENDIX B

ALIEN
COPY



Office of Detention and Removal Operations
San Diego Field Office

U.S. Department of Homeland Security
880 Front Street
San Diego, California 92101

**U.S. Immigration and Customs Enforcement**

TOMA, Muhannad Mikha
C/O Corrections Corporation of America
Otay Detention Facility
446 Alta Road, Suite #5400
San Diego, California 92158

A78 759 862

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

*The seriousness and violent nature of your last conviction, Felony Assault with Deadly Weapon, and numerous Felony convictions for Vandalism makes the U.S. Immigration and Customs Enforcement believe that you are a great danger/threat to the community, if released from ICE custody.*

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by August 12, 2007, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____   6/29/7
Signature and Title of Deciding Official       Date

**ORIGINAL**

JS 44 (Rev. 3/99) **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
MUHANNAD TOMA
San Diego Detention Center (CCA), P.O. Box 439049
San Ysidro, CA 92143

(b) County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
2007 DEC 19 PM 3:28
MICHAEL CHERTOFF, ET AL.
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

County of Residence of First Listed Defendant   SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
BY _____ DEPUTY
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Knit

(c) Attorney's (Firm Name, Address, and Telephone Number)
PRO SE

**'07 CV 2381 JAH POR**

Attorneys (If Known)   (619) 557-5662
KAREN P. HEWITT, U.S. ATTY
ATTN: CIVIL PROCESS CLERK
880 FRONT STREET, SAN DIEGO, CA 92101

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2241

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  X 12-3-07
SIGNATURE OF ATTORNEY OF RECORD  X _____

**FOR OFFICE USE ONLY**
RECEIPT # 145730   AMOUNT 5.   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
12/19/07

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

       # 145730      - SR

       December 19, 2007
            15:31:33


          Habeas Corpus
    USAO #.: 07CV2381 HABEAS
    Judge..: JOHN A HOUSTON
    Amount.:                $5.00 MO
    Check#.: 734824949



    Total-> $5.00


    FROM: TOMA V. CHERTOFF
          HABEAS
```

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MUHANNAD TOMA, [A78-759-862] | ) ) ) | Case No. TBA |
| Plaintiff, | ) ) ) | **'07 CV 2381 JAH POR** |
| vs. | ) ) | PROOF OF SERVICE |
| MICHAEL CHERTOFF, et al., | ) ) ) | |
| Defendant. | ) ) ) | |

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 225 Broadway, Suite 900, San Diego, California, 92101;

3) That I served the within **CIVIL COVER SHEET, PETITION FOR WRIT OF HABEAS CORPUS, NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF COUNSEL, AND DECLARATION OF JANET C. TUNG IN SUPPORT OF PETITIONER'S MOTIONS**, placing a true copy of the above-mentioned document in the United States mail on December 19, 2007, to:

> KAREN P. HEWITT, U.S. ATTORNEY
> ATTN: Civil Processing Clerk
> 880 Front Street
> San Diego, CA  92101

I certify under the laws of the State of California that the foregoing is true and correct.

Executed on 19 December 2007 at San Diego, California.

SYLVIA ENRIQUE