ORIGINAL

1   MUHANNAD TOMA
    A78-759-862
2   San Diego Detention Center (CCA)
    P.O. Box 439049
3   San Ysidro, CA 92143-9049

FILED

:::: DEC 19 PM 3: 27

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ N-NK_____DEPUTY

4

5                    UNITED STATES DISTRICT COURT

6                    SOUTHERN DISTRICT OF CALIFORNIA

7

8   MUHANNAD TOMA,                  | Civil Action No.
    [A78-759-862]
9                                   | **'07 CV 2381 JAH POR**
                    Petitioner,
10                                  | DECLARATION OF JANET TUNG IN
         v.                         | SUPPORT OF THE
11                                  | PETITIONER'S MOTIONS
    MICHAEL CHERTOFF, SECRETARY
12  OF THE DEPARTMENT OF
    HOMELAND SECURITY, MICHAEL
13  MUKASEY, ATTORNEY GENERAL,
    ROBIN F. BAKER, DIRECTOR OF SAN
14  DIEGO FIELD OFFICE, U.S.
    IMMIGRATION AND CUSTOMS
15  ENFORCEMENT, JOHN A. GARZON,
    OFFICER-IN-CHARGE,
16
                    Respondents.

17         I, Janet Tung, hereby declare:

18         1. I am an attorney duly licensed to practice law in the State of California, in the United States

19  District Courts for the Southern, Eastern, and Northern Districts of California, and in the United States Court

20  of Appeals for the Ninth Circuit.

21         2. I am an employee of Federal Defenders of San Diego, Inc. Federal Defenders of San Diego,

22  Inc., is ready and able to assist this petitioner in his petition for writ of habeas corpus.

23         3. In my capacity as an employee of the Federal Defenders of San Diego, Inc., I am assisting

24  the petitioner, Muhannad Toma, in securing his release from the custody of federal immigration officials, and

25  in filing a petition for a writ of habeas corpus in the United States District Court for the Southern District of

26  California.

27  / / /

28  / / /

4.  As an employee of Federal Defenders of San Diego, Inc., I monitor indefinite detainee litigation in other Ninth Circuit districts, and maintain contact with other federal defender offices involved with this litigation.

5. The Federal Defenders of San Diego, Inc. currently assists, represents, and/or is preparing to initiate habeas proceedings on behalf of individuals in the Southern District of California, who are non-removable aliens and continue to be detained by the Department of Homeland Security despite the expiration of the 180-day post-order removal period set forth under <u>Zadvydas v. Davis</u>, 533 U.S. 678, 701 (2001).

6. As of the filing of this declaration, our office represents others that have been ordered deported and that remain in the detention of the respondents beyond the 180-day post-order removal period that is considered presumptively reasonable in <u>Zadvydas</u>. By way of example, our office represented Ahmed El-Bashir Mustafa, Case No. 07CV480 WQH (POR), who had been in immigration custody and subject to a final order of removal since July 22, 2006, awaiting removal to Sudan.

7. In light of the respondents' continued detention of deportable aliens beyond the 180-day post-order removal period proscribed in <u>Zadvydas</u>, the United States District Court for the Southern District of California has consistently appointed Federal Defenders of San Diego, Inc. to assist petitioners in their efforts to challenge their continued detention in immigration custody in violation of federal law. <u>See</u> Order to Show Cause as to Why the Petition For Writ of Habeas Corpus Should Not be Granted and Order Granting Motion for Appointment of Counsel, <u>Mustafa v. Chertoff, et al.</u>, Case No. 07CV480 WQH (POR) (S.D. Cal. May 1, 2007) (attached hereto as Appendix A); Order (1) Granting Petitioner's Motion for Appointment of Counsel; (2) Granting Petitioner <i>In Forma Pauperis</i> Status; and (3) Directing Respondents to Show Cause, <u>Baltayan v.Chertoff, et al.</u>, Case No. 06CV0305-IEG (BLM) (S.D.. Cal. Feb. 15, 2006) (attached hereto as Appendix B); <u>see also</u> Order Granting Motion for Appointment of Counsel, <u>Casas-Castrillon v. Dept. of Homeland Security</u>, Case No. 05CV1552-BEN (NLS) (S.D. Cal. Jan. 31, 2006) (attached hereto as Appendix C); <u>see also</u> Order Granting Request for Appointment of Counsel, <u>Suarez-Torres v. Chertoff, et al.</u>, Case No. 06CV1444-W (WMc) (S.D.Cal. Aug. 8, 2006) (attached hereto as Appendix D).

8. Mr. Toma is one of several non-removable aliens currently in the respondents' custody in the Southern District of California whom Federal Defenders of San Diego, Inc. is assisting in challenging the lawfulness of detention subsequent to the expiration of the 180-day post-order removal period.

9. I have spoken and corresponded with Mr. Toma in an effort to assist him in securing his release from custody of the respondents. After conferring with Mr. Toma, I concluded that a petition for a writ of habeas corpus should be filed on his behalf, pursuant to 28 U.S.C. § 2241.

10. Based on my discussions with Mr. Toma, I am informed and believe that a federal immigration judge ordered him removed to Iraq on February 13, 2007. The removal order became final on that date as Mr. Toma waived appeal at his hearing. See 8 C.F.R. § 1241.1(c) (circumstances under which order of immigration judge becomes final); see also 8 C.F.R. § 1240.15 (appeals to the BIA must be filed within 30 calendar days of the immigration judge's oral decision). Petitioner was found to be entitled to protection under the Convention Against Torture and was granted deferral of removal under 8 C.F.R. § 208.17. See Appendix A to the Petition for Writ of Habeas Corpus.

11. I am informed and believe that Mr. Toma most recently entered respondents' custody on August 2006, and has remained in detention since then. He has therefore been in respondents' continuous custody for over six months as of the date of this declaration.

12. Mr. Toma is currently detained by the respondents at the ICE San Diego Detention Facility, in the Southern District of California. The 180-day post-order removal detention period enunciated by the Supreme Court in Zadvydas expired on or about **August 13, 2007**.

13. I am informed and believe Mr. Toma is a native of Iraq, born in Baghdad.

14. I am informed and believe Mr. Toma came to the United States in 2000, as a refugee, and was granted asylum.

15. I am informed and believe Mr. Toma has no legal education, training, or background in the United States.

16. I am informed and believe Mr. Toma has no legal education, training, or background in any other country.

17. I am informed and believe that Mr. Toma has limited financial resources and is unable to afford to hire an attorney to represent him in this matter. The current balance in his custody trust account is less than $100.00. See Prison Certificate attached to accompanying Motion for Appointment of Counsel. Mr. Toma has had no source of income or employment in the ten months he has been detained in the custody of Respondents. He has $400 in a checking account and owns a 2002 Ford F150 pickup truck. He has no

1   savings or other financial accounts, and does not own any real property or other assets.  As a result, he cannot

2   afford to retain counsel.

3

4         I certify under the laws of the State of California that the foregoing is true and correct.

5   Executed in San Diego, California on December 18, 2007.

6

7

8                                     **JANET TUNG**
                                      Declarant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# APPENDIX A



1
2
3
4
5
6
7
8                 **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   AHMED EL-BASHIR MUSTAFA,              CASE NO. 07CV480 WQH (POR)

12                          Petitioner,    ORDER TO SHOW CAUSE AS TO
                                           WHY THE PETITION FOR WRIT OF
         vs.                               HABEAS CORPUS SHOULD NOT
13                                         BE GRANTED AND ORDER
14   MICHAEL CHERTOFF, SECRETARY OF        GRANTING MOTION FOR
     THE DEPARTMENT OF HOMELAND            APPOINTMENT OF COUNSEL
15   SECURITY, et al.,

16                          Respondents.

17

18   HAYES, Judge:

19          Pending before the Court are Petitioner Ahmed El-Bashir Mustafa's Petition for Writ of

20   Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) and motion for appointment of counsel

21   pursuant to 18 U.S.C. § 3006A(a)(2)(B). (Docs. # 3, 1-2). Petitioner, who has been subject to a final

22   order of removal since July 22, 2006, alleges that his continued and indefinite detention is unlawful

23   because he has been detained beyond the presumptively reasonable period of six months and there is

24   no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533

25   U.S. 678 (2001); *Nadarajah v. Gonzalez*, 443 F.3d 1069 (9th Cir. 2006).

26                          **ORDER TO SHOW CAUSE**

27          Having reviewed Petitioner's claims, the Court finds that summary dismissal of the petition

28   is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001)

                                    - 1 -                              07CV480 WQH (POR)

1   ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory,

2   palpably incredible, or patently frivolous or false."). Accordingly, Respondents are **ORDERED TO**

3   **SHOW CAUSE** why the petition should not be granted by:

4           (1) filing a written return no later than **Tuesday, May 29, 2007.**

5           (2) filing copies of all documents, orders and transcripts relevant to the petition; and

6           (3) filing a memorandum of law and fact fully stating Respondents' position and making

7                   a recommendation regarding the need for an evidentiary hearing on the petition.

8           If Petitioner wishes to reply to the return, he may do so by way of a traverse filed no later than

9   **Friday, June 15, 2007.**

10                          **MOTION FOR APPOINTMENT OF COUNSEL**

11          18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the

12  court determines that the interests of justice so require, representation may be provided for any

13  financially eligible person who . . . (B) is seeking relief under section 2241 . . . ." "The purpose of

14  section 3006A is to provide for appointed counsel whenever required if failure to do so amounts to

15  a denial of due process." *Gray v. Kernan*, No. C-92-3379-DLJ, 1993 U.S. Dist. LEXIS 2113, *10-12

16  (N.D. Cal. Feb. 16, 1993); *citing Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Unless an

17  evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in

18  the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990).

19  In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on

20  the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

21  complexity of the legal issues involved." *Gutierrez v. Flannican*, No. CIV 05-2981 PHX DGC

22  (DKD), 2005 U.S. Dist. LEXIS 31984, *1-2 (D. Ariz. Dec. 7, 2005); *citing Weygandt v. Look*, 718

23  F.2d 952, 954 (9th Cir. 1983).

24          **A. Likelihood of Success on the Merits**

25          Petitioner has been subject to a final order of removal since July 22, 2006, yet has been held

26  beyond the six month presumptively reasonable time period articulated in *Zadvydas v. Davis*, 533 U.S.

27  678, 701 (2001). As of yet, the United States has not received travel documents that would permit

28  Petitioner to return to Sudan, and it appears that regional conflict in Sudan could make impossible the

                                              - 2 -

1  receipt by the United States of the necessary travel documents in the reasonably foreseeable future.

2  *See Ma v. Ashcroft*, 257 F.3d 1095, 1005 (9th Cir. 2001) (when there is no reasonable likelihood that

3  a foreign government will accept a removable alien's return in the reasonably foreseeable future, the

4  removable alien may not be held by the United States for more than a reasonable period beyond the

5  removal period). In addition, the United States cannot effectuate Petitioner's removal to a country

6  other than Sudan under 8 U.S.C. § 1231(b)(2)(E)(iii) because Petitioner did not reside in a country

7  other than Sudan before entering the United States. Under the facts as alleged in the Petition for Writ

8  of Habeas Corpus, the Court concludes that Petitioner has demonstrated a likelihood of success on the

9  merits.

10        **B. Complexity of Legal Issues**

11        The complexity of immigration and habeas law highlights the potential benefits of appointed

12  counsel in these proceedings. Indeed, the Court of Appeal for the Ninth Circuit has declared that

13  "[w]ith only a small degree of hyperbole, the immigration laws have been deemed second only to the

14  Internal Revenue Code in complexity." *United States v. Ahumada-Aguilar*, 295 F.3d 943, 950 (9th

15  Cir. 2002). Furthermore, assuming the Court grants the Petition for Writ of Habeas Corpus, there will

16  be a period of supervised release which involves 8 U.S.C. § 1231's complex statutory scheme. *See*

17  *Ma*, 257 F.3d at 1104-05. The Court concludes that the issues presented are sufficiently complex to

18  warrant appointment of counsel, particularly in light of the fact that Petitioner has had no formal

19  education or training in the United States.

20        After reviewing the Petition for Writ of Habeas Corpus and the accompanying declaration, and

21  in recognition of the potential need for an evidentiary hearing, the Court concludes that appointment

22  of counsel is warranted at this time. The motion for appointment of counsel (Docs. # 3, 1-2) is

23  GRANTED. The Court appoints Federal Defenders, Inc. as Petitioner's counsel in this case.

24        **IT IS SO ORDERED**.

25  DATED: May 1, 2007

26                              *William Q. Hayes*

27                              **WILLIAM Q. HAYES**
                              United States District Judge

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07CV480 WQH (POR)

# APPENDIX B

FILED

06 FEB 15 PH 2:36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUTYUN BALTAYAN, | CASE NO. 06CV305 -IEG (BLM) |
| Petitioner, | **ORDER (1) GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; (2) GRANTING PETITIONER *IN FORMA PAUPERIS* STATUS and (3) DIRECTING RESPONDENTS TO SHOW CAUSE WHY PETITIONER'S REQUEST FOR HABEAS CORPUS RELIEF PURSUANT TO 28 U.S.C. § 2241 SHOULD NOT BE GRANTED** |
| vs. | |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, et al., | |
| Respondents. | |

On February 9, 2006, Arutyun Baltayan, ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by respondents Michael Chertoff, Secretary, Department of Homeland Security; Alberto Gonzales, Attorney General; Ron Smith, Director of San Diego Field Office, U.S. Immigration and Customs Enforcement; and Michael McGee, Officer-in-Charge (collectively "respondents" or the "government").

On that same day, petitioner filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. Section 3006A(a)(2)(b) provides that when the Court determines that "the interests of justice so require," the Court may appoint counsel for financially eligible individuals who are seeking relief under section 2241. The Court finds that the appointment of counsel is appropriate in this case. Federal Defenders of San Diego, Inc., has requested to be appointed to represent petitioner in this matter. The Court therefore **GRANTS** petitioner's motion for

- 1 -

5

05CV0641

1   appointment of counsel and **APPOINTS** Federal Defenders of San Diego, Inc. to represent him.

2   On the same day, petitioner filed a motion to proceed *in forma pauperis* under 28 U.S.C. §

3   1915. Having reviewed petitioner's application and good cause appearing, the Court **GRANTS**

4   petitioner *in forma pauperis* status.

5   Furthermore, upon receipt of the petition, and finding that the matter is not appropriate for

6   summary disposition, the Court **ORDERS** respondents to show cause why the petition should not

7   be granted. Respondents shall have until **Monday, March 13, 2006,** to file and personally serve

8   an answer to the petition. Petitioner may file a traverse by no later than **Monday, April 3, 2006.**

9   Unless the Court orders otherwise, the matter will be taken under submission and decided without

10  oral argument. Local Rule 7.1(d)(1).

11  **IT IS SO ORDERED.**

12

13  Dated: _2/14/06_

14  HON. **IRMA E. GONZALEZ,** Chief Judge
    United States District Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05CV0641

# APPENDIX C

FILED

06 JAN 3    PM 1:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FELIPE CASAS CASTRILLON,<br><br>                                    Petitioner,<br><br>    vs.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>                                    Respondents. | CASE NO. 05CV1552-BEN (NLS)<br><br>**ORDER APPOINTING COUNSEL**<br>**(Docket No. 2)** |

Petitioner, LUIS FELIPE CASAS CASTRILLON ("Petitioner"), a citizen of Colombia, has filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241.[1] He claims the Department of Homeland Security has custody of his person in violation of 8 U.S.C. § 1231(a)(6). Petitioner now requests appointment of counsel pursuant to 18 U.S.C. § 3006A. For the reasons that follow, the Court **GRANTS** Petitioner's request and appoints Ms. Lori B. Schoenberg from the Federal Defenders of San Diego as counsel.

"Section 3006A(g) provides that counsel may be appointed for an impoverished habeas

---

[1] "The relevant statute, 28 U.S.C. § 2241, provides that a writ of habeas corpus shall only be granted if 'a prisoner' is in custody under the authority of the United States 'in violation of the Constitution or laws or treaties of the United States.' Although the statute is commonly used by federal prisoners detained on criminal charges, it has also been employed, both historically and in its current form, by aliens detained for immigration law enforcement purposes." Armentero v. I.N.S., 340 F.3d 1058, 1061 (9th Cir. 2003); see also, Zadvydas v. Davis, 533 U.S. 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

05cv1552-BEN (NLS)

1   petitioner whenever 'the court determines that the interests of justice so require'. . . ." <u>Bashor v.</u>

2   <u>Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984), <u>quoting</u>, 18 <u>U.S.C.</u> § 3006A(g); <u>Chaney v. Lewis</u>, 801

3   F.2d 1191, 1196 (9th Cir. 1986) ("The district court has discretion to appoint counsel for indigents

4   when it determines that the interests of justice so require.") The Court "must evaluate both the

5   likelihood of success on the merits and the ability of the petitioner to articulate his claims <u>pro se</u> in

6   light of the complexity of the legal issues involved." <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th

7   Cir. 1997) (Citations omitted); <u>see also</u>, <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir. 1994) ( The

8   Court "should consider the legal complexity of the case, the factual complexity of the case, the

9   petitioner's ability to investigate and present his claim, and any other relevant factors.").

10        It is likely that Petitioner will prevail on his claim. <u>See</u>, <u>Rand v. Rowland</u>, 113 F.3d at

11   1525. Petitioner claims that he is detained in violation of 8 <u>U.S.C.</u> § 1231(a)(6). The Supreme

12   Court has held that a post-removal detention exceeding six months is presumptively unreasonable.

13   <u>See</u>, <u>Zadvydas v. Davis</u>, 533 U.S. at 701 ("[O]nce the alien provides good reason to believe that

14   there is no significant likelihood of removal in the reasonably foreseeable future, the Government

15   must respond with evidence sufficient to rebut that showing."); <u>see also</u>, <u>Arango Marquez v. I.N.S.</u>,

16   346 F.3d 892, 898 -899 (9th Cir. 2003) ("Section 1231(a)(6) does not authorize indefinite post-

17   removal period detention, but instead imposes an implied six-month limit on such detention,

18   provided that removal is not reasonably foreseeable."). According to the Petitioner, he was

19   ordered removed in January 2002 and his removal became final in July 2002. <u>Zadvydas</u>'s six

20   months limitation period in Petitioner's case expired in or about January 2003. There is no

21   indication that since Petitioner has been in custody Respondents has attempted to remove him back

22   to Colombia. Petitioner thus has shown that there "is no significant likelihood of removal in the

23   reasonably foreseeable future." <u>Zadvydas v. Davis</u>, 533 U.S. at 701.

24        In addition, Petitioner is incapable of articulating his claims <u>pro se</u>. The case involves

25   complex Constitutional and statutory analysis, and interpretation of Supreme Court precedent.

26   Also, Petitioner's potential release would require, among other things, complex negotiations

27   regarding release terms and bond amounts. <u>See</u>, <u>Bonin v. Vasquez</u>, 999 F.2d 425, 429 (9th Cir.

28   1993) ("[A]ppointment of counsel is necessary to prevent due process violations from occurring.").

1   Finally, Petitioner cannot afford to retain counsel as he has no income or assets.  (Motion at 1.)

2   This, coupled with complexity of the issues presented, also renders appointment of counsel

3   appropriate.

4          For reasons set forth above, Petitioner's request for appointment of counsel is **GRANTED**.

5   The Court appoints Federal Defenders, Inc. (Ms. Lori B. Schoenberg) as counsel.

6

7   DATED:  1/30/06

8                                                    ROGER T. BENITEZ
                                                     United States District Judge

9

10  cc: All parties and respective counsel

11      Federal Defenders of San Diego, Inc. (Ms. Lori B. Schoenberg)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

05cv1552-BEN (NLS)

# APPENDIX D

FILED

06 AUG -8 AM 10: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AROLDO SUAREZ-TORRES,<br><br>                    Petitioner,<br><br>      v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; ALBERTO GONZALES, Attorney General of the United States; RON SMITH, Director of San Diego Field Office, Bureau of Immigration and Customs Enforcement, and TONY CERONE, Officer-in-Charge,<br><br>                    Respondents. | CASE NO: 06-CV-1444 W (WMC)<br><br>**ORDER GRANTING REQUEST FOR APPOINTMENT OF COUNSEL** |

On July 17, 2006 Petitioner Aroldo Suarez-Torres ("Petitioner"), a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding *pro se*, commenced this Petition for habeas relief under 28 U.S.C. § 2241. Petitioner now seeks appointment of counsel. For the reasons outlined below, the Court **GRANTS** Petitioner's request.

I.    REQUEST FOR APPOINTMENT OF COUNSEL

The Court may appoint counsel for financially eligible persons seeking habeas

- 1 -

1   relief if "the interests of justice so require." 28 U.S.C. § 3006A (a)(2)(B). "In deciding

2   whether to appoint counsel in a habeas proceeding, the district court must evaluate the

3   likelihood of success on the merits as well as the ability of the petitioner to articulate

4   his claims pro se in light of the complexity of the legal issues involved." Weygandt v.

5   Look, 718 F.2d 952, 954 (9th Cir. 1983); see also Rand v. Rowland, 113 F.3d 1520,

6   1525 (9th Cir. 1997). Additionally, appointed counsel is mandated when (1) necessary

7   for effective discovery, or (2) an evidentiary hearing may occur. Weygandt, 718 F.2d

8   at 954.

9       A.   **LIKELIHOOD OF SUCCESS ON THE MERITS**

10       The Court must first determine Petitioner's likelihood of success on the merits.

11   The United States Supreme Court has stated that a detention of more than six months

12   beyond the post-removal period is presumptively unreasonable. Zadvydas v. Davis, 533

13   U.S. 678, 701 (2001). At that point, "once the alien provides good reason to believe

14   that there is no significant likelihood of removal in the reasonably foreseeable future,

15   the Government must respond with evidence sufficient to rebut that showing." Id.

16       Here, Petitioner fled Cuba by boat in 1980 and was paroled into the U.S. as a

17   "Mariel" refugee from Cuba. Petition at 1. In 1982, Petitioner was ordered deported

18   to Cuba and initially entered Respondent's custody at that time, remaining in detention

19   for two years. (Id. at 2.) He was later returned to custody in 1995 and remained in

20   immigration detention for eight years, being released in 2003. (Id.)

21       Petitioner was subsequently returned to the custody of U.S. Immigration and

22   Customs Enforcement ("ICE") on December 27, 2005. He has remained in ICE

23   custody since that date. ICE conducted a Post-Order Custody Review of Petitioner's

24   detention pursuant to 8 C.F.R. §241.4 in April 2006. ICE informed the Petitioner that

25   he would not be released from custody pending removal or further review by the

26   Headquarters Post-Order Detention Unit. His custody review by Headquarters was

27   scheduled to be held on or about June 27, 2006. He is currently in custody.

28       As such, the 180-day post-removal period expired on or before June 25, 2006

1   from Petitioner's last detention on December 27, 2005. Moreover, the evidence

2   suggests that Petitioner's native country, Cuba, will not enable removal. During the

3   twenty-four year period in which Petitioner has been awaiting removal, including a total

4   of over ten years in physical custody of federal immigration officials, the United States

5   government has not received travel documents that would permit the Petitioner's

6   repatriation to Cuba. See Petition at 2. On this evidence, the Court finds that

7   Petitioner has satisfied his burden and demonstrated to the Court's satisfaction that

8   there "is no significant likelihood of removal in the reasonably foreseeable future."

9   Zadvydas, 533 U.S. at 701. Therefore, Petitioner has demonstrated a high likelihood

10   of success on the merits.

11        **B.**   **COMPLEXITY OF LEGAL ISSUES**

12       Next, the Court must determine whether Petitioner is capable of articulating his

13   claims *pro se* in light of the case's complexity. The Court finds that Petitioner is

14   incapable of adequately articulating these claims *pro se* for several reasons. First, the

15   case involves Constitutional analysis, complex statutory analysis, principles of

16   jurisdiction, and administrative procedure. Second, an analysis of immigration law is

17   required and the Ninth Circuit has declared that "[w]ith only a small degree of

18   hyperbole, the immigration laws have been deemed second only to the Internal

19   Revenue Code in complexity." United States v Ahumada-Aguilar, 295 F.3d 943, 950

20   (9th Cir. 2002)(citations and internal quotes omitted). Therefore, it is unlikely

21   Petitioner could "thread the labyrinth" of immigration law without an attorney. Id.

22   Third, Petitioner's potential supervised release would require complex negotiations

23   regarding release terms, bond amounts, and other considerations. Finally, Petitioner's

24   education compels appointed counsel. Petitioner has no education, or background in

25   legal affairs, and cannot read English. See Fife Declaration. ¶¶ 15-16. In light of

26   Petitioner's background, coupled with the complexity of the legal issues presented in

27   this case, the Court finds that appointed counsel is appropriate.

28   //

        06cv1444w

C.   DISCOVERY CONSIDERATIONS

In order to effectively litigate his habeas claim, Petitioner will need access to his Bureau of Immigration and Customs Enforcement file.  To accomplish this goal, Petitioner must (1) be able to effectively use discovery procedures, as well as (2) be capable of interpreting the documents when they arrive.  An evidentiary hearing may be required to give the government an opportunity to rebut Petitioner's contention that his removal to Cuba is not likely in the reasonably foreseeable future and Petitioner lacks sufficient legal background to advocate for himself during a contested motion hearing.  In light of the mandate set forth in <u>Weygandt</u>, as well as the considerations described above, the Court is obligated to appoint counsel to effectively allow proper discovery in this case.

II.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Petitioner's request for appointment of counsel.  The Court appoints Federal Defenders, Inc. (James Fife) as Petitioner's counsel in this case.

**IT IS SO ORDERED.**

DATE: August 4, 2006

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC:   ALL PARTIES OF RECORD

FEDERAL DEFENDERS INC.

ATTN: JAMES FIFE

- 4 -