|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |
| MUHANNAD TOMA,<br><br>    Petitioner,<br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; MICHAEL MUKASEY, ATTORNEY GENERAL; ROBIN F. BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; JOHN A. GARZON, OFFICER-IN-CHARGE,<br><br>    Respondents. | Civil No. 07CV2381 JAH (POR)<br><br>**ORDER (1) GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; AND (2) DIRECTING RESPONDENTS TO SHOW CAUSE WHY PETITIONER'S REQUEST FOR HABEAS CORPUS RELIEF PURSUANT TO 28 U.S.C. § 2241 SHOULD NOT BE GRANTED** |

On December 19, 2007, Petitioner Muhannad Toma filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) together with a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) (Doc. No. 2). After careful consideration, and for the reasons set forth below, this Court GRANTS the motion for appointment of counsel and issues an order to show cause requiring Respondents to file a return to the petition.

    Petitioner, a native of Iraq, has been detained in the custody of Respondents since August 2006, and has been subject to a final order of removal since February 13, 2007. He alleges he cannot be removed to his country of origin or an alternate country. Petitioner argues his continued and indefinite detention is unlawful because (1) he has

been detained beyond the presumptively reasonable period of six months and (2) there is no significant likelihood of removal in the reasonably foreseeable future. See <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001); <u>Nadarajah vs. Gonzalez</u>, 443 F.3d 1069 (9th Cir. 2006).

**I. Motion for Appointment of Counsel**

Petitioner seeks appointment of counsel in the habeas proceedings under 28 U.S.C. § 2241 in the interests of justice because (1) he is unable to afford counsel; (2) he is highly likely to succeed on the merits of his claim and (3) his limited educational background will prevent him from effectively articulating his claims.

Under 18 U.S.C. § 3006A(a)(2), the district court may appoint counsel for financially eligible petitioners seeking relief under 28 U.S.C. § 2241 when the interests of justice so require. The Court considers whether there is a likelihood of success on the merits of the petition and whether the unrepresented petitioner has the ability to articulate this claims in light of the complexity of the issues presented. <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner demonstrates he is unable to retain counsel. He has less than $500 dollars in his account at the San Diego Detention Center and his checking account. He owns a 2002 Ford F150 pickup truck, but has no other assets or property. Motion at 3, Exh. A. Accordingly, he is financially eligible for a court-appointed attorney.

Further, the Court finds the issues presented in this action warrant appointment of counsel. Petitioner maintains he has been in Respondent's custody since August 2006, and under an order of removal since February 13, 2007. Petitioner further maintains the United States has not received travel documents since he has been subject to the final order of removal and it is unlikely Iraq will issue travel documents to permit removal in the foreseeable future, because the government of Iraq is in political disarray. In <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491, 2505 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention and, once an alien has been held for six months under the post-removal-period statute and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

Government must furnish evidence sufficient to rebut that showing. Petitioner's allegations and prevailing law suggests Petitioner may succeed on his claim.

In addition, Petitioner cannot adequately articulate his claims *pro se*. The case involves complex Constitutional and statutory analysis, and interpretation of Supreme Court precedent. Petitioner has no post-secondary education in the United States, has no legal training or background and may not be able to obtain discovery without the aid of counsel. Thus, having carefully considered Petitioner's motion, the record, and applicable law, the Court finds that the interests of justice require appointment of counsel. Based upon Petitioner's motion and the declaration of Janet Tung, an attorney with the Federal Defenders of San Diego, Inc., who indicates Federal Defenders is ready and able to assist Petitioner, the Court appoints the Federal Defenders of San Diego, Inc. to represent Petitioner. Accordingly, **IT IS HEREBY ORDERED** Petitioner's motion for appointment of counsel is **GRANTED.**

**II. Order to Show Cause**

Having received and reviewed Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, **IT IS HEREBY ORDERED**:

1. Respondents shall file a return to the petition for writ of habeas corpus on or before **February 4, 2008**. Respondents shall include copies of all pertinent documents, orders, and transcripts relevant to this petition, and shall also make a recommendation regarding the need for an evidentiary hearing on the merits of the petition.

2. Petitioner shall file a traverse on or before **February 19, 2008**. *The matter will be deemed under submission at that time*.

DATED: January 2, 2008

_____
JOHN A. HOUSTON
United States District Judge